IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHRISTOPHER DAVIS, & | ) | BANKRUPTCY CASE NO. |
| RHONDA DAVIS, | ) | 08-11145 |
| | ) | CHAPTER 13 CASE |
| DEBTORS | ) | |
| RHONDA DAVIS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | A.P. NUMBER 09-01020 |
| | ) | |
| ACCOUNT RECEIVABLE | ) | |
| MANAGEMENT OF FLORIDA, | ) | |
| INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## ANSWER

COMES NOW Defendant, Account Receivable Management of Florida, Inc. ("ARM"), for answer to Plaintiff's Complaint, and states as follows:

1. Defendant denies that this action lends itself to an award of punitive damages.

2. Admitted.

3. The allegations in Paragraph 3 are Denied, and defendant demands strict proof thereof.

4. The allegations in Paragraph 4 are Denied, and defendant demands strict proof thereof.

5. The allegations in Paragraph 5 are Denied, and defendant demands strict proof thereof.

6. Admitted.

7. Defendant does not possess sufficient information to admit or deny the allegations in Paragraph 7.

8. Admitted.

9. Defendant is without sufficient information to admit or deny the allegations in Paragraph 9.

10. Defendant is without sufficient information to admit or deny the allegations in Paragraph 9.

11. Admitted.

12. Admitted.

13. Admitted.

14. Defendant is without sufficient information to admit or deny the allegations of Paragraph 14.

15. Defendant is without sufficient information to admit or deny the allegations in Paragraph 15.

16. The allegations in Paragraph 16 are Denied, and defendant demands strict proof thereof.

17. Defendant is without sufficient information to admit or deny the allegations in Paragraph 17.

18. Defendant is without sufficient information to admit or deny the allegations in Paragraph 18.

19. Defendant is without sufficient information to admit or deny the allegations in Paragraph 19.

20. The allegations of Paragraph 20 are denied, and defendant demands strict proof thereof.

21. Defendant denies the allegations set forth in Paragraph 21 and demands strict proof thereof.

22. Defendant denies that there is anyone employed by Account Receivable Management by the name of Mike Ethan.

23. Defendant is without sufficient information to admit or deny the allegations in Paragraph 23.

24. Defendant is without sufficient information to admit or deny the allegations in Paragraph 24.

25. Defendant is without sufficient information to admit or deny the allegations in Paragraph 25.

26. Defendant is without sufficient information to admit or deny the allegations in Paragraph 26.

27. Defendant is without sufficient information to admit or deny the allegations in Paragraph 27.

28. Defendant is without sufficient information to admit or deny the allegations in Paragraph 28.

29. Defendant is without sufficient information to admit or deny the allegations in Paragraph 29.

30. Defendant is without sufficient information to admit or deny the allegations in Paragraph 30.

31. Defendant is without sufficient information to admit or deny the allegations in Paragraph 31.

32. Defendant is without sufficient information to admit or deny the allegations in Paragraph 32.

33. Defendant is without sufficient information to admit or deny the allegations in Paragraph 33.

34. Defendant is without sufficient information to admit or deny the allegations in Paragraph 34.

35. Defendant is without sufficient information to admit or deny the allegations in Paragraph 34.

36. Defendant is without sufficient information to admit or deny the allegations in Paragraph 36.

37. Paragraph 37 contains no allegations against this Defendant and requires no response.

38. The allegations of Paragraph 38 are denied, and Defendant demands strict proof thereof.

39. The allegations of Paragraph 39 are denied, and Defendant demands strict proof thereof.

40. Paragraph 40 is denied as phrased.

41. The allegations of Paragraph 41 are denied, and Defendant demands strict proof thereof.

42. The allegations of Paragraph 42 are denied, and Defendant demands strict proof thereof.

43. The allegations of Paragraph 43 are denied, and Defendant demands strict proof thereof.

44. The allegations of Paragraph 44 are denied, and Defendant demands strict proof thereof.

45. The allegations of Paragraph 45 are denied, and Defendant demands strict proof thereof.

46. Paragraph 46 contains no allegations against this Defendant and therefore no response is required.

47. The allegations of Paragraph 47 are denied, and Defendant demands strict proof thereof.

48. The allegations of Paragraph 48 are denied, and Defendant demands strict proof thereof.

49. The allegations of Paragraph 49 are denied, and Defendant demands strict proof thereof.

50. The allegations of Paragraph 50 are denied, and Defendant demands strict proof thereof.

51. The allegations of Paragraph 51 are denied, and Defendant demands strict proof thereof.

52. The allegations of Paragraph 52 are denied, and Defendant demands strict proof thereof.

Defendant denies the unnumbered paragraphs claiming damages.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant pleads the general issue.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were not proximately caused by Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's allegations fail to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's allegations fail to state a claim upon which punitive damages may be awarded.

### FIFTH AFFIRMATIVE DEFENSE

An award of punitive damages in this case would violate constitutional protections afforded to Defendant.

### SIXTH AFFIRMATTIVE DEFENSE

Defendant pleads lack of notice of Plaintiff's Chapter 13 bankruptcy.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant did not knowingly, willfully, or intentionally violate the automatic stay or the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

### EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads all defenses available to it under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

## NINTH AFFIRMATIVE DEFENSE

Defendant pleads all defenses available to it under the provisions of 11 U.S.C. § 362, *et seq.*

                                            Respectfully submitted,

_____
J. Michael Keel (KEE-016)
ASB-8225-E67J

Attorney for Defendant, Account Receivable Management

OF COUNSEL:
LUCADO LAW FIRM
1 Perimeter Park South
Suite 125 S
Birmingham, AL 35243
205-278-0025
205-278-0030 (fax)
mkeel@lucadolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Answer has been served upon the following counsel via United States mail, first class, postage pre-paid on this the 19th day of March, 2009.

David G. Poston, Esq.
Walter A. Blakeney, Esq.
Brock & Stout, LLC
P.O. Drawer 311167
Enterprise, AL 36331

Of counsel



# LUCADO LAW FIRM
### A LIMITED LIABILITY COMPANY

Writer's email: mkeel@lucadolaw.com

March 19, 2009

Bankruptcy Clerk
United States bankruptcy Court
Middle District of Alabama
Frank M. Johnson U.S. Courthouse
One Church Street
Montgomery, AL  36104

      Re:    **Rhonda Davis v. Account Receivable Management**
                **Adversary Proceeding No. 09-01020**

Dear Sir or Madam:

      Enclosed is one original and one copy of an Answer I am filing on behalf of Defendant, Account Receivable Management. It is my understanding from speaking with Elizabeth in the clerk's office that this answer is to be filed under the court's emergency filing procedures because I am still awaiting confirmation from the court regarding my ability to file online through the CM/ECF system. I would appreciate it if you would file the original and return the copy, appropriately stamped, to me at the address provided below.

      Thank you for your attention to this matter.

                                      Very truly yours,

                                      J. Michael Keel

Enclosures

Post Office Box 383157 • Birmingham, Alabama 35238-3157
1 Perimeter Park South • Suite 125 S • Birmingham, Alabama 35243
Phone (205) 278-0025 • Fax (205) 278-0030