IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHRISTOPHER DAVIS, & ) | BANKRUPTCY CASE NUMBER: |
| RHONDA DAVIS, ) | 08-11145 |
| ) | CHAPTER 13 CASE |
| DEBTORS. ) | |

*************************************************************************

| | |
|---|---|
| RHONDA DAVIS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | A.P. NUMBER: 09-1020 |
| ) | |
| ACCOUNT RECEIVABLE MANAGEMENT ) | |
| OF FLORIDA, INC., & ) | |
| FFD RESOURCES IV, LLC., D/B/A ) | |
| PAPER CHECK PAYDAY LOAN, ) | |
| ) | |
| DEFENDANTS. ) | |

## **PLAINTIFF'S FIRST AMENDED CORE ADVERSARY PROCEEDING COMPLAINT FOR VIOLATION OF AUTOMATIC STAY AND FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

### I. INTRODUCTION

1. This is a Complaint for actual and punitive damages filed by the Plaintiff / Debtor pursuant to 11 U.S.C. § 362 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2. In addition, this Complaint asserts violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA") by Defendant, Account Receivable Management of Florida, Inc. (hereinafter, "ARM").

3. When the Plaintiff filed her initial Chapter 13 bankruptcy case, Defendant, FFD Resources IV., LLC., d/b/a Paper Check Payday Loan (hereinafter, "FFD"), was listed as a creditor entitled to receive notice of the Chapter 13 bankruptcy case.

Page 1 of 10

4. The Defendant, FFD, did in fact receive written notice of the Plaintiff's Chapter 13 bankruptcy case and the Order confirming the Plaintiff's Chapter 13 repayment plan.

5. Even after receiving notice of the Plaintiff's Chapter 13 bankruptcy case, the Defendant, FFD, hired the Defendant, ARM, to recover a claim against the Plaintiff that arose before the commencement of the Chapter 13 bankruptcy case.

6. The Defendant, ARM, also received actual verbal notice of the Plaintiff's ongoing Chapter 13 bankruptcy case. Despite the actual verbal notice, the Defendant, ARM, continued to contact the Plaintiff in violation the automatic stay and the FDCPA.

7. The Defendant, ARM, when speaking with the Plaintiff, has accused the Plaintiff of defrauding the creditor for whom the Plaintiff owed the alleged indebtedness.

8. The Defendant, ARM, has also telephoned the Plaintiff and left voicemail messages that fail to identify the Defendant, ARM, as a debt collector.

## II. JURISDICTION AND VENUE

9. Jurisdiction is conferred on this Honorable Court pursuant to 28 U.S.C. § 1334. This proceeding arises in and is related to the above-styled Chapter 13 bankruptcy case. The Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§ 157(b)(2) & 1334.

10. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. In the event this case is determined to be a non-core proceeding, the Plaintiff consents to entry of a final judgment by this Honorable Court.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

12. The Plaintiff is a resident citizen of Dale County, Alabama.

13. The Plaintiff is a Joint Debtor under Chapter 13, Title 11, United States Code. The Chapter 13 bankruptcy case bears case number 08-11145. The Plaintiff in this instant action is hereinafter referred to as "the Plaintiff" or "the Debtor."

14. The Defendant, ARM, is believed to be a Florida corporation with its principal address located at 9000 Regency Square Boulevard, Ground Floor, Jacksonville, Florida 32211.

15. The Defendant's, ARM, principal purpose is to collect debts by using the mail and telephone. The Defendant, ARM, regularly attempts to collect debts alleged to be due another.

16. The Defendant, ARM, is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6).

17. The Defendant, FFD, is a Nevada limited liability company with its principal place of business believed to be located at 711 South Carson, Suite 4, Carson City, Nevada 89701.

### IV. FACTUAL ALLEGATIONS

18. On July 28, 2008, the Plaintiff, as a Debtor, filed a voluntary petition under Title 11 Chapter 13, United States Code. Pursuant to 11 U.S.C. § 362(a), relief was granted on July 28, 2008. The relief also initiated an automatic stay which prohibits certain collection activity by creditors.

19. Upon information and belief, the Defendant, FFD, is the current holder and owner of an unsecured nonpriority claim against the Plaintiff.

20. Upon information and belief, the Defendant, FFD, upon receipt of the bankruptcy notice, hired Defendant, ARM, to collect, assess or recover the pre-petition against the Plaintiff that arose before the commencement of the Chapter 13 bankruptcy case.

21. Upon information and belief, the Defendant, ARM, is acting in its capacity as agent of Defendant, FFD.

22. The debt to FFD was primarily for personal, family, or household purposes.

23. Upon information or belief, at all times pertinent to the facts in this Complaint, the Defendant, FFD, was the owner of the debt at issue.

24. On or about July 31, 2008, Defendant, FFD, was served with written notice of the Plaintiff's Chapter 13 bankruptcy and plan.

25. On or about November 20, 2008, Defendant, FFD, was served with written notice of the Order Confirming Chapter 13 Plan.

26. Despite written notice of the Plaintiff's Chapter 13 bankruptcy case, the Defendant, FFD, hired the Defendant, ARM, to collect the pre-petition indebtedness.

27. Upon information or belief, at all times pertinent to the facts in this Complaint, the Defendant, ARM, was acting in its capacity as agent of Defendant, FFD.

28. On or about January 20, 2009, a debt collector identifying himself as "Mike Ethan" left a message on the Plaintiff's telephone answering machine. The Plaintiff was directed to return Ethan's telephone call by phoning 1-866-679-4046.

29. On or about January 20, 2009, the Plaintiff returned Ethan's telephone call by dialing 1-866-679-4046.

30. During the course of the telephone conversation on January 20, 2009, the Plaintiff advised Ethan that she had sought bankruptcy relief. Furthermore, the Plaintiff provided Ethan her bankruptcy case number and advised him that she had filed bankruptcy approximately four (4) months earlier.

31. During the course of the telephone conversation, Ethan accused the Plaintiff of committing fraud by incurring the debt to Defendant, FFD.

32. Upon information or belief, the debt collector identifying himself as "Mike Ethan" is an employee of Defendant, ARM. At all times during his telephone conversation, Ethan was acting in his official capacity as an employee of Defendant, ARM.

Page 4 of 10

Case 09-01020   Doc 12   Filed 04/29/09   Entered 04/29/09 09:20:12   Desc Main
Document   Page 4 of 10

33. On or about January 21, 2009, an unknown person telephoned the Plaintiff's residence. The Caller ID identified the attempted telephone call as originating from telephone number 1-866-679-4046. The Plaintiff's husband answered the telephone. Unfortunately, the unknown caller terminated the telephone call prior to speaking with the Plaintiff's husband.

34. On or about January 22, 2009, an unknown person telephoned the Plaintiff's residence. The Caller ID identified the attempted telephone call as originating from telephone number 1-866-679-4046. The Plaintiff's husband answered the telephone. Unfortunately, the unknown caller terminated the telephone call prior to speaking with the Plaintiff's husband.

35. On or about January 23, 2009, an unknown person telephoned the Plaintiff's residence. The Caller ID identified the attempted telephone call as originating from telephone number 1-866-679-4046. The Plaintiff answered the telephone. Unfortunately, the unknown caller terminated the telephone call prior to speaking with the Plaintiff.

36. On or about January 26, 2009, an unknown person telephoned the Plaintiff's residence. The Caller ID identified the attempted telephone call as originating from telephone number 1-866-679-4046. The Plaintiff answered the telephone. Unfortunately, the unknown caller terminated the telephone call prior to speaking with the Plaintiff.

37. On or about January 28, 2009, an unknown person telephoned the Plaintiff's residence. The Caller ID identified the attempted telephone call as originating from telephone number 1-866-679-4046. The Plaintiff answered the telephone. Unfortunately, the unknown caller terminated the telephone call prior to speaking with the Plaintiff.

38. On or about January 30, 2009, an unknown person telephoned the Plaintiff's residence. The Caller ID identified the attempted telephone call as originating from telephone number 1-866-679-4046. The Plaintiff answered the telephone. Unfortunately, the unknown caller terminated the telephone call prior to speaking with the Plaintiff.

39. On or about February 2, 2009, an unknown person telephoned the Plaintiff's residence. The Caller ID identified the attempted telephone call as originating from telephone number 1-866-679-4046. The Plaintiff answered the telephone. Unfortunately, the unknown caller terminated the telephone call prior to speaking with the Plaintiff.

40. On or about February 3, 2009, an unknown person telephoned the Plaintiff's residence. The Caller ID identified the attempted telephone call as originating from telephone number 1-866-679-4046. The Plaintiff answered the telephone. Unfortunately, the unknown caller terminated the telephone call prior to speaking with the Plaintiff.

41. On or about February 6, 2009, a debt collector identifying herself as "Eva Myers" telephoned the Plaintiff's residence. The Plaintiff's husband answered the telephone. Myers requested the Plaintiff's husband deliver a message to the Plaintiff to returned Myers' telephone call at 1-866-679-4046.

42. Upon information or belief, "Eva Myers" is a debt collector employed by the Defendant, ARM.

43. On or about February 9, 2009, a debt collector identifying himself as "Shawn" left a voicemail message for the Plaintiff. The Plaintiff's Caller ID identified the call as originating from 1-866-679-4046. Upon information or belief, Shawn is a debt collector employed by the Defendant, ARM.

44. The voicemail message left by "Shawn" on February 9, 2009, neglected to identify Shawn as a debt collector and further neglected to reveal that Shawn was attempting to collect a debt and that any information would be used for that purpose.

45. On or about February 13, 2009, a debt collector identifying herself as "Misty" left a voicemail message on the Plaintiff's telephone answering machine.

46. Upon information or belief, "Misty" is believed to be a debt collector employed by the

Page 6 of 10

Defendant, ARM. Misty identified her telephone number as 1-866-679-4046. During the voicemail message, Misty advised the Plaintiff that she must call within the hour and that Plaintiff's failure to return the telephone call can and will effect her. Furthermore, Misty did not identify herself as a debt collector and did not state that she was attempting to collect a debt and that any information would be used for that purpose.

## COUNT I - WILLFUL VIOLATION OF AUTOMATIC STAY

47. The Plaintiff, Rhonda Davis, adopts and incorporates paragraphs 1 through 48 as if fully set out herein.

48. The Defendant, FFD, holds a claim against the Plaintiff.

49. The Defendant's, FFD's, assignment of the Plaintiff's debt for collection constitutes an act to collect, assess or recover a claim against the Plaintiff.

50. The Plaintiff's debt to the Defendant, FFD, is a "claim" as that term is defined at 11 U.S.C. § 101(5).

51. The Defendant, FFD, willfully violated the automatic stay by hiring or assigning collection of the Paper Check account to Defendant, ARM, despite having actual notice of the Plaintiff's Chapter 13 bankruptcy case.

52. The Defendant, FFD, received actual notice of the Plaintiff's Chapter 13 bankruptcy case before it hired the Defendant, ARM, to collect.

53. The Defendant, FFD, intended its act wherein it assigned collection of the Paper Check account to Defendant, ARM.

54. On or about January 20, 2009, the Defendant, ARM, by and through its employee "Mike Ethan," was verbally notified of the Plaintiff's Chapter 13 bankruptcy case. Furthermore, the Defendant, ARM, was provided the Chapter 13 bankruptcy case number.

55. After being verbally notified of the Plaintiff's Chapter 13 bankruptcy case, at a minimum, the Defendant, ARM, was under a duty of further inquiry.

56. Upon information or belief, the Defendant, ARM, is equipped with certain technological capabilities to easily ascertain Chapter 13 bankruptcy status.

57. The Defendant, ARM, willfully refused to search the Chapter 13 bankruptcy records to verify the existence of the Chapter 13 bankruptcy case.

58. Alternatively, despite having notice of the Chapter 13 bankruptcy case and the bankruptcy case number, the Defendant, ARM, willfully continued collection activities consisting of almost daily telephone harassment.

59. The Defendant, ARM, telephoned the Plaintiff in an attempt to collect a pre-petition indebtedness.

60. The Defendant, ARM, intended to telephone the Plaintiff after receiving notice of the Chapter 13 bankruptcy.

56. The Plaintiff has been injured as a result of the Defendant's, ARM, telephone harassment.

61. Because of the Defendants' actions, the Plaintiff was forced to hire counsel to prosecute this claim. 11 U.S.C. § 362(k)(1) provides that an individual injured by a willful violation of the automatic stay shall recover attorney fees, costs, and in certain circumstances, punitive damages.

**COUNT II - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

62. The Plaintiff, Rhonda Davis, adopts and incorporates paragraphs 1 through 61 as if fully set out herein.

63. The Defendant, ARM, violated various provisions of the FDCPA including, but not limited to 15 U.S.C. §§ 1692d, 1692e & 1692f.

64. The Defendant, ARM, violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequences of which were to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

65. The Defendant, ARM, violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of a debt.

66. The Defendant, ARM, violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

67. The Plaintiff has been damaged due to the Defendant's actions.

68. The Defendant's violation of 15 U.S.C. § 1692, *et seq.* renders it liable for damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Rhonda Davis, respectfully request this Honorable Court enter judgment against the Defendants, Account Receivable Management of Florida, Inc. and FFD Resources IV, LLC., d/b/a Paper Check Payday Loan, for the following:

a) Actual damages;

b) Maximum statutory damages of $1,000.00 from Defendant, ARM, pursuant to 15 U.S.C. § 1692k;

c) Punitive damages;

d) Costs and reasonable attorney fees pursuant to 11 U.S.C. § 362(k)(1) and 15 U.S.C. § 1692k; and,

e) For such other relief that is just.

Respectfully submitted,

BROCK & STOUT

_____
David G. Poston, Esq.
Walter A. Blakeney, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com